IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * CRIMINAL NO.: WDQ-10-0799 |
| LOXLY JOHNSON, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CORRECTED MEMORANDUM OPINION

On December 8, 2011, Loxly Johnson and Shenika Graves were convicted of conspiracy to import heroin and cocaine. For the following reasons, the defendants' motions for a new trial will be denied.

I.  Background

On December 21, 2010, Johnson, Graves, and Gavin Excell[1] were indicted for conspiring to import one kilogram or more of heroin and 500 grams or more of cocaine. ECF No. 19. Trial began on December 6, 2011.

The evidence showed that on December 18, 2010, Excell was searched as he left a cruise ship, the *Enchantment of the Seas*, and discovered with 694 grams of heroin and 254 grams of

---

[1] On January 4, 2011, John Swart Garth and Kishurn Neptune were charged with Graves, Johnson, and Excell in a superseding indictment. ECF No. 25. Excell, Garth, and Neptune pled guilty before trial. ECF Nos. 52, 56, 71.

cocaine. Later that day, John Swart Garth, another employee of the *Enchantment*, was seen entering Johnson and Graves's car. Officers subsequently found 350 grams of heroin and 254 grams of cocaine in Graves's purse when she spoke with them in a law enforcement vehicle. Johnson and $8,000 hidden in a child seat were found in his car.

On January 8, 2011, another employee of the *Enchantment* was discovered to have brought 628 grams of heroin and 373 grams of cocaine into Baltimore.

On December 8, 2011, the Court instructed the jury. With respect to the quantity of drugs for which the defendants would be responsible, Graves and Johnson requested an instruction that

> The fact that a particular quantity of a drug, with which a defendant was not personally involved, was foreseeable to the defendant within the scope of a larger conspiracy is not sufficient for you to find the defendant guilty with respect to that quantity unless you find, beyond a reasonable doubt, that such quantity was part of the defendant's individual agreement.

ECF No. 63 at 47. The defendants wanted to argue to the jury that--if responsible for any drugs--they were only responsible for the drugs in Graves's purse. ECF No. 112 Attach. 1 at 4. Had the jury accepted that argument, the defendants would have

been subject to lower mandatory and guidelines sentences. *See* 21 U.S.C. §§ 960(b), 963; U.S.S.G. §2D1.1(c) Table.[2]

The Court rejected the proposed instruction, and instructed the jury that, in addition to the drugs he or she imported or attempted to or planned to import, each defendant was

> accountable for any type and quantity of drugs which another member of the conspiracy imported [or attempted or planned to import] as part of the conspiracy, so long as it was reasonably foreseeable to the defendant that such a type and quantity would be involved in the conspiracy which he joined.

Court's Instruction No. 32.

On December 8, 2011, the jury convicted Johnson and Graves of conspiracy to import 500 grams or more of cocaine and one kilogram or more of heroin. ECF Nos. 95, 98. On December 22, 2011, the defendants moved for a new trial. ECF Nos. 112, 113. On January 12, 2012, the government opposed the motion.

II. Analysis

Under Fed. R. Crim. P. 33, the Court may vacate a judgment and grant a new trial "if the interest of justice so requires."

---

[2] Had the jury held the defendants responsible only for the drugs in Graves's purse, each would have been subject to a five year statutory mandatory minimum sentence for conspiracy to import 100 grams or more of heroin, and they would not have been subject to a statutory minimum sentence for the cocaine. 21 U.S.C. §§ 960(b), 963. Based on their quantities of conviction, each is subject to a 10 year statutory mandatory minimum sentence for conspiracy to import one kilogram or more of heroin, and a five year statutory mandatory minimum sentence for conspiracy to import 500 grams or more of cocaine. *Id.* The Court has not sentenced the defendants.

*See United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). Rule 33 motions may be based on (1) newly discovered evidence or (2) "other grounds." See Fed. R. Crim. P. 33(b). If the motion is based on "other grounds," the defendant must show an "error[3] of sufficient magnitude to require reversal on appeal." *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (*quoting* Charles A. Wright et al., Federal Practice & Procedure § 556 (3d ed. 2004)).

The Court commits reversible error if it refuses to give a jury instruction when the proposed instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *United States v. Lighty*, 616 F.3d 321, 366 (4th Cir.), *cert. denied*, 131 S. Ct. 846 (2010), *and* 132 S. Ct. 451 (2011).

In a drug conspiracy, each defendant

> is responsible only for the amount of drugs within the scope of his [or her] agreement, *if the scope is properly understood as encompassing any co-conspirators' conduct* in furtherance of the conspiracy and reasonably foreseeable to him [or her].

---

[3] A "harmless" error is not a basis for a new trial. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). An error is harmless if "[it is] clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder v. United States*, 527 U.S. 1, 18 (1999).

4

*United States v. Hickman*, 626 F.3d 756, 772 (4th Cir. 2010), *cert. denied*, 132 S. Ct. 469 (2011) (emphasis added). An instruction that the defendant is responsible for all drugs involved in the conspiracy, "so long as it was reasonably foreseeable to the defendant that such a type and quantity of drugs would be involved in the conspiracy which he [or she] joined"[4] is in "accord with the principles of *Pinkerton v. United States*, 328 U.S. 640 (1946), and [Fourth Circuit] law." *Hickman*, 626 F.3d at 771 (*citing United States v. Brooks*, 524 F.3d 549, 558 (4th Cir. 2008), *and United States v. Williams*, 986 F.2d 86, 90 (4th Cir. 1993)).[5]

---

[4] Court's Instruction 32.

[5] In *Hickman*, the Fourth Circuit confirmed the sufficiency of an instruction nearly identical to the one given in this case. This Court had instructed the jury that Hickman was responsible for his co-conspirators' "actual or intended distribution . . . so long as it was reasonably foreseeable to him that such a type and quantity of drugs would be involved in the conspiracy which he joined." *Compare* 626 F.3d at 771 *with* Court's instruction 32 (the defendants are responsible for drugs imported or intended to be imported by other members of the conspiracy "so long as it was reasonably foreseeable to the defendant that such a type and quantity of drugs would be involved in the conspiracy which he joined"). Like Graves and Johnson, Hickman asked the Court to instruct the jury "that Hickman could only be held responsible for the amount of drugs that were foreseeable to [him] and within the scope of his agreement." 626 F.3d at 771. The Fourth Circuit held that, to the extent Hickman's instruction "differs from the instructions given, . . . it mistakes a basic tenant of [Fourth Circuit] conspiracy law" by limiting the defendant's responsibility to the "amount of drugs he personally knew of and explicitly agreed to distribute or have distributed." *Id.* at 772.

To the extent the defendants' instruction would have limited their liability to the drugs in Graves's purse, it "mist[ook] a basic tenant of [Fourth Circuit] conspiracy law." *Hickman*, 626 F.3d at 772. Because the instruction was incorrect, the Court's refusal to give it was not error. *See Lighty*, 616 F.3d at 366. Accordingly, a new trial is not warranted.

III. Conclusion

For the reasons stated above, the defendants' motions for a new trial will be denied.

2/22/12
Date

William D. Quarles, Jr.
United States District Judge